IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LENISKIE TYREE GUY,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-333-Y |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Leniskie Tyree Guy, TDCJ-ID #1195437, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

1

C. Factual and Procedural History

In March 2003 Guy was charged by indictment with possession of a controlled substance, namely cocaine, with intent to distribute in Case No. 0870444D in the 396th District Court of Tarrant County, Texas. (Clerk's at 3.) On October 2, 2003, a jury found Guy guilty of the offense, Guy pled true to the repeat-offender notice, and the trial court assessed his punishment at twenty-five years' confinement. (*Id.* at 41.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on February 17, 2005, and the Texas Court of Criminal appeals refused Guy's petition for discretionary review on September 14, 2005. *Guy v. Texas*, 160 S.W.3d 606 (Tex. App.–Fort Worth 2005, pet. ref'd); *Guy v. Texas*, PDR No. 693-05. Guy did not seek writ of certiorari or state habeas relief. (Petition at 3.) Guy filed this petition on May 15, 2006.

D. Issues

In three grounds, Guy complains of (1) the admission of certain evidence, (2) the prosecution's attack on his counsel, and (3) the sufficiency of the evidence of his intent to deliver. (*Id.* at 7.)

E. Rule 5 Statement

Quarterman believes Guy's third claim, as enumerated above, is unexhausted and/or procedurally barred from federal habeas review. 28 U.S.C. § 2254(b)(1). (Resp't Answer at 5, 9-10.)

F. Discussion

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated

2

on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *Id.* § 2254(d)(2), (e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2. Exhaustion/Procedural Default

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1)(A); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of

3

the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Therefore, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review (PDR) or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Guy did not file a state habeas application, thus, for exhaustion purposes, it is necessary that he raised his claims in his PDR.

Under his third claim, Guy contends the evidence was insufficient to prove his intent to deliver because of the absence of packaging materials, money, drug paraphernalia, weapons, and witnesses to the fact that he was dealing. (Petition at 7.) In state court, this claim was couched in terms of a factual-sufficiency question (and is treated as such in this action) and was raised on appeal and in Guy's PDR. *Guy*, 160 S.W.3d at 610; PDR No. 693-05. Thus, the claim was sufficiently exhausted as required by § 2254(b)(1). Nevertheless, a factual-sufficiency-of-the-evidence claim is not cognizable on federal habeas review. *See Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002); *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). In challenges to state convictions under 28 U.S.C. § 2254, only the legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979), need be satisfied. Guy's factual sufficiency of the evidence claim does not raise a claim that is cognizable on federal habeas corpus review.

3. Evidentiary Ruling

Guy claims the trial court erred by admitting drug paraphernalia into evidence that had no connection to him and was, thus, irrelevant. (Petition at 7.) The state appellate court determined that, under the circumstances of Guy's case, the trial court had not erred by allowing the evidence under Texas evidentiary rules because the evidence was relevant and had a tendency to prove that Guy possessed the contraband with intent to deliver. *Guy*, 160 S.W.3d at 614-16. Claims involving the mere admissibility of evidence under state law, absent evidence that the ruling runs afoul of a specific constitutional right or rendered the petitioner's trial fundamentally unfair, such showing not have been demonstrated by Guy, are not cognizable on federal habeas review. *See Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999); *Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998).

4. Jury Argument

Guy claims the prosecution impugned his attorney's integrity and prejudiced the jury during closing argument with the following remarks:

> The scales are there. The scales that nobody sees. None of the defense witnesses got a chance to see when they're sitting there on the countertop with the razor blades, sitting around a coffee table with a pot on it, obstructing view somewhat, sitting there for 15 or 20 minutes and nobody knows anybody's names. Folks, that's a crack house. Clear as day. It's a crack house.
> The part of society you're in now, you have the last line. You get to go back and decide whether or not he's thumbs up or thumbs down guilty for delivery. It's a difficult decision because the power's in y0our hands. *You get to go back and tell him what he already knows, what Ms. Johnson (defense counsel) knows, what Mr. Snell knows, what all his friends back here know, that 3837 Waldorf in Fort Worth, Tarrant County, Texas, is a crack house.* (6Reporter's R. at 35-36, emphasis added.)

The trial court overruled defense counsel's objection to the argument. (*Id.* at 36.) The state appellate court considered the claim and determined that the argument, although improper as a matter of state law, did not affect Guy's substantial rights and was harmless in light of the ample

5

evidence of his guilt.  *Guy*, 160 S.W.3d at 616-18.

Guy has not shown that the state court's decision is contrary to, or involves an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence.  In order for a state habeas petitioner to prevail on a claim in federal court that an improper jury argument marred his trial, the asserted error must be one of constitutional magnitude.  This means that the prosecutorial remarks must be so prejudicial that they render the trial fundamentally unfair.  *Jones v. Butler*, 864 F.2d 348, 356 (5th Cir. 1988); *Houston v. Estelle*, 569 F.2d 372, 378 n.8 (5th Cir. 1978).  A prosecutor's argument, by itself, is a constitutional violation in only the most egregious cases.  *Ortega v. McCotter*, 808 F.2d 406, 410 (5th Cir. 1987). "The constitutional frontier stands very far indeed from the core of good prosecutorial practice." *Jones*, 864 F.2d at 384.  Along that line, a prosecutor's statements must be viewed in the context of the entire trial to determine if the improper statements or arguments were a crucial, critical, highly significant factor in the jury's determination of guilt.  *Ortega*, 808 F.2d at 410-11; *Houston*, 569 F.2d at 377.  Having reviewed the record, *in toto*, although inappropriate, the prosecution's remarks were not so egregious as to undermine confidence in the outcome of Guy's trial.

## II.  RECOMMENDATION

Based on the foregoing discussion, Guy's petition for writ of habeas corpus should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's

proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 31, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 10, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 10, 2007.

        /s/ Charles Bleil
CHARLES BLEIL

UNITED STATES MAGISTRATE JUDGE